918 A.2d 625

IN THE MATTER OF SAMUEL GEN, AN ATTORNEY
AT LAW (ATTORNEY NO. 004411994).

April 5, 2007.

## ORDER

The Office of Attorney Ethics having moved before the Disciplinary Review Board pursuant to *Rule* 1:20–14 for the reciprocal discipline of **SAMUEL GEN** of **NEW YORK, NEW YORK**, who was admitted to the Bar of this State in 1994, and who was subject to an order of disbarment in New York based on violations of *RPC* 8.4(b) (criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects), *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), and *RPC* 8.4(d) (conduct prejudicial to the administration of justice);

And the Disciplinary Review Board having concluded that in light of the circumstances presented herein, permanent disbarment was not warranted and that respondent should be subject to discipline parallel to the sanction imposed by New York, where a disbarred attorney may seek restoration of his or her license after the passage of seven years;

And the Board having filed with the Court its decision in DRB 06–115 to impose a suspension on respondent, conditioning consideration of an application for his return to the practice of law in this jurisdiction on his reinstatement to practice in New York;

And the Court having concluded that this matter presents special circumstances that justify a sanction less than permanent disbarment;

And good cause appearing;

It is ORDERED that pursuant to *Rule* 1:20–15A(a)(3), **SAMUEL GEN** is suspended indefinitely from the practice of law in this State, effective immediately, and until further Order of the Court; and it is further

ORDERED that respondent shall not petition for reinstatement to the practice of law until he can demonstrate that he has been restored to the practice of law in New York; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.